IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| MARIA S. RODRIGUEZ, ) | Case No. 16-11959 |
| ) | Chapter 11 |
| Debtor, Debtor In Possession. ) | Hon. Deborah L. Thorne |
| ) | Courtroom 613 |
| ) | Hearing Date: **March 7, 2017** |
| ) | Time: **10:00 a.m.** |

## NOTICE OF MOTION

To: Patrick Layng, U.S. Trustee *via ECF*
Miranda E. Byrd *via ECF*
Chester H. Foster, Jr. *via ECF*
Brandon R. Freud *via ECF*
Cari A. Kauffman *via ECF*

PLEASE TAKE NOTICE that on **March 7, 2017, at the hour of 10:00 a.m.**, we shall appear before the Honorable Deborah L. Thorne, Bankruptcy Judge, in Courtroom 613 usually occupied by her in the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois or before any other judge who may be sitting in her place and stead, and shall then and there present the **Final Application of Richard L. Hirsh for Compensation and Reimbursement**, a copy of which is attached hereto and herewith served upon you.

/s/ Richard L. Hirsh

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE AND APPLICATION to be served on all persons set forth above identified as Registrants through the Court's Electronic Notice for Registrants on or before 5:00 p.m. from Lisle, Illinois on February 17, 2017.

/s/ Richard L. Hirsh

Richard L. Hirsh
RICHARD L. HIRSH, P.C.
1500 Eisenhower Lane, Suite 800
Lisle, IL 60532
(630) 434-2600
richala@sbcglobal.net
Attorney #1225936

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| MARIA S. RODRIGUEZ, ) | Case No. 16-11959 |
| ) | Chapter 11 |
| Debtor, Debtor In Possession. ) | Hon. Deborah L. Thorne |
| ) | Courtroom 613 |
| ) | Hearing Date: **March 7, 2017** |
| ) | Time: **10:00 a.m.** |

FINAL APPLICATION OF RICHARD L. HIRSH, P.C. and RICHARD L. HIRSH
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

Richard L. Hirsh, P.C. ("RLHPC"), and Richard L. Hirsh, bankruptcy counsel for Maria S. Rodriguez, ("RODRIGUEZ") Debtor and Debtor-in-Possession (the "Debtor") in the above captioned chapter 11 case, pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016 (the Federal Rules of Bankruptcy Procedure are referred to herein as the "Bankruptcy Rules") and Local Rule 5082-1 of the Bankruptcy Rules for the Northern District of Illinois (the "Local Bankruptcy Rules"), respectfully makes a first and final application for compensation and reimbursement of expenses for the period of April 1, 2016 to February 17, 2017, (the "Application"). In support of its Final Application, Applicants state as follows:

Background

1. On April 7, 2016, RODRIGUEZ filed a voluntary petition for relief (the "Bankruptcy Cases") under chapter 11 of title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court") case #16-11959.

2

2. The Debtor is an individual and is a licensed real estate broker. At the time of filing the voluntary petition the Debtor had owned and operated several multi-unit apartment buildings which were in foreclosure.

3. Debtor continues in possession of two of her properties and has continued to operate and maintain operations as a Debtor-in-Possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code. The Debtor has successfully sold four of her properties.

4. Upon the request of Debtor, the Court by Order dated May 4, 2016 appointed RLHPC and Richard L. Hirsh as counsel for the Debtor/DIP to represent it in this Chapter 11 case retroactively to April 1, 2016. A copy of that order is attached hereto as **EXHIBIT 1**.

5. No Plan of Reorganization has been nor will be filed for the Debtor; a Motion to Dismiss will be filed concurrently with this Fee Application.

6. This Application is the first and final application filed by Richard L. Hirsh and RLHPC, and seeks compensation as counsel for the Debtor for the time period of April 7, 2016 through February 17, 2017 and for reimbursement of expenses incurred during that period. That would include all prior payments by the debtor.

7. RLHPC and Richard L. Hirsh do not hold or represent any interest adverse to the estate, and is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code. Richard L. Hirsh previously filed his Affidavit in Support of Applications to Retain Richard L. Hirsh as counsel for the Debtor under 11 U.S.C. §327(a) (the "Affidavit").

8. Richard L. Hirsh, a solo practitioner practicing through RLHPC performed services for which he is seeking compensation on behalf of or for the Debtor and its estate and not on behalf of any committee, creditor or other person.

9. Except to the extent of the advance payment retainer in the amount of $20,000.00, paid to RLHPC prior to the petition being filed, Richard L. Hirsh and RLHPC have received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with this Chapter 11 Case.

Jurisdiction

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (M). The statutory and legal predicate for the relief sought herein is §105(a), 330 and 331 of the Bankruptcy Code.

Case Status

11. The Debtor has timely filed all Monthly Operating Reports.

12. The Debtor's Eighth Interim Cash Collateral Order was entered by the Court on February 7, 2017. The Court set March 7, 2017 as the next court date wherein the Debtor wishes to dismiss the bankruptcy case.

Nature of Legal Services Performed by Richard L. Hirsh and RLHPC

13. Richard L. Hirsh is a solo practitioner and conducts his practice through Richard L. Hirsh, P.C. His offices are located in Lisle, Illinois, a western suburb of Chicago.

14. By this Application, Richard L. Hirsh and RLHPC seek a final award under Bankruptcy Code §330 for the application of payment in the amount of $26,266.65 for services rendered to the Debtor in connection with this case through February 17, 2017 and $3,018.94 in reimbursement of expenses incurred by RLHPC during that same period for expenses. Payments are sought by this first and final application of $26,266.65 for compensation and reimbursement of additional expenses in the sum of $3,018.94. In accordance with section

330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (1) the complexity of the Chapter 11 case; (2) the time expended; (3) the nature and extent of the services rendered; (4) the value of such services; and (e) the costs of comparable services other than in a case under the Bankruptcy Code; and the outcome of this case which resulted in preventing of foreclosure on the Debtor's properties and settlement with secured creditors in ths chapter 11 case which, inter alia, reduced the secured claim on Debtor's properties by more than $1,200,000.00.

15. In summary, Richard L. Hirsh and RLHPC have assisted the Debtor in the administration of its estate and have performed the services set forth on the schedule attached hereto and made part hereof as **EXHIBIT 2**. Exhibit 2 identifies the services performed, the date and amount of time involved, the individual performing the service, and the billing rate of the individual, broken into categories of work performed. The services performed and documented by Exhibit 2 include, but are not limited to: providing legal advice to Debtor concerning management and operations as debtor-in-possession; representing Debtor in negotiations with secured creditors, and counsel for the various constituencies in this case; analysis of assets, recovery of assets and asset disposition; managing the filing, drafting, serving and noticing of a substantial number of pleadings and papers in this case; and responding to inquiries from creditors; review of operating reports, negotiation with the secured lender, and review of mortgage and mortgage foreclosure documents.

16. The services listed above were rendered primarily from April 7, 2016 through February 7, 2017.

17. Initially the services rendered involved filing the petition, preparation of the schedules and

related papers, application for employment. Numerous court appearances were made in connection with these activities. Thereafter activities shifted to dealing with negotiations with the secured creditors, and review of the operating reports and financial documents of the Debtor. Substantial time was expended in the review and preparation of documents related to the pending mortgage foreclosures and resolution of issues in those cases which the majority (4) have been dismissed and settlement has been reached with the secured lenders.

18. All of the services performed for which compensation is sought were performed by Richard L. Hirsh as he is a solo practitioner and employs no other attorneys.

19. The expenses incurred were the filing fee of $1,717.00. Other major expenses were $528.00 for filing three (3) motions to sell property free and clear of liens and postage. Expenses for parking and travel costs between Chicago and Lisle, IL, were charged $445.00. (No fees were charged for travel time however.)

20. As additional support of this Application, Richard L. Hirsh and RLHPC has attached hereto **EXHIBIT 3** which summarizes major services and expenses in categories as follows:

    a.    Exhibit 3 is a breakdown of activity by major categories of activity[1]. Exhibit 2 gives a detailed description of activities and services rendered on a daily basis. To avoid the "clumping issue" Exhibit 2 does breakdown the services rendered on each day into different categories and give the time devoted to those specific activities. Exhibit 3 is a broader description.
        i.    "Court" refers to all time spent in court. Total time 11.50 hours
        ii.    "Meeting" would refer primarily to meetings with the client for the purpose of preparing the petition for relief and schedules; preparation of discovery materials in the dismissal litigation; preparing and reviewing financial documents; Total time 21.25 hours
        iii.    "Preparation of pleadings" would include preparation of motions for use of

---

[1] For any given date, the billing system in use reflects the first description for all the hours posted in that entry, regardless of the breakdown made in the entry.

6

<ol>
<li style="list-style-type: lower-roman" value="3">cash collateral and routine motions to engage special counsel or brokers. In this category the major activities would have been preparation of the cash collateral motions. Total time 17.31 hours.</li>
<li style="list-style-type: lower-roman">"Research" includes time spent doing legal research – primary online; much of the legal research was included in the time for preparation of use of cash collateral. Total time 0.33</li>
<li style="list-style-type: lower-roman">"Review" – these categories would encompass initial review of discovery materials, review of operating reports and other financial documents. Total time 5.83 hours.</li>
<li style="list-style-type: lower-roman">"Telephone" – this would reflect telephone conversations related to this case with client and others – secured creditors, US Trustee's office, CPA Trapani. Many conversations are recorded under other headings; and candidly many conversations were never recorded. Total time 3.98 hours</li>
<li style="list-style-type: lower-roman">Expenses: Total $3,018.12. The expenses incurred were the filing fee of $1717.00. Other major expenses were $528.00 for filing three motions to sell property free and clear of liens. Minor expenses for parking and travel costs between Chicago and Lisle, IL, were charged ($445.00) (No fees were charged for travel time however.)</li>
</ol>

b.  Total services = 65.67 hours of services = $26,266.65; total expenses $3,018.94

21. The work performed and the services rendered for which compensation is requested, as well as the incurring of expenses for which reimbursement is requested, were necessary and proper in representing the Debtor in this case.

22. The professional services rendered by Richard L. Hirsh and RLHPC during the Application period are grouped into titled project categories, the titles and scope of work are as suggested under section 330 of the Bankruptcy Code, and are described in paragraph 20 above.

23. It is Richard L. Hirsh and RLHPC's policy not to charge clients for travel time; in-house photocopy or routine postage, secretarial time, word processing or other items of overhead.

24. All of the services performed by Richard L. Hirsh and RLHPC were required for the proper representation of the Debtor in this case, were authorized by the Court and were performed by Richard L. Hirsh and RLHPC at the request and direction of the Debtor. Pursuant to Bankruptcy Code Section 331 and the generally applicable criteria of the time, nature, extent

7

and value of the service performed, all of Richard L. Hirsh and RLHPC's services are compensable.

25. There has been no duplication of services by the members or associates of Richard L. Hirsh and RLHPC, as there are none.

26. The rates at which Richard L. Hirsh and RLHPC seeks compensation are its usual and customary standard hourly rates charged for work, both bankruptcy and non-bankruptcy, performed for other firm clients.

   a. In respect to the usual and customary rates, the court is advised that the undersigned Richard L. Hirsh has been licensed to practice since 1976; his practice is concentrated in bankruptcy and other litigation; he is a member of the Trial Bar of the United States District Court since 1984; he has never been disciplined by any court;

   b. The fees were calculated at the rate of $400.00 per hour, which it is submitted is reasonable and customary given the nature of the work, the locale, and the skill and expertise of Richard L. Hirsh.

27. No agreement exists between Richard L. Hirsh and RLHPC and any third person for the sharing of compensation received by Richard L. Hirsh and RLHPC in this case.

28. From about April 7, 2016 through February 7, 2017, Richard L. Hirsh and RLHPC have devoted more than 64 hours to represent the Debtor with respect to the above categories, and has provided this estate with actual and necessary legal services worth a total of $26,266.65, and has incurred necessary expenses totaling $3,018.94.

29. The debtor paid the attorney $20,000.00 prepetition. No other fees have been paid and no

other application for compensation was presented to the Court in this matter by the undersigned.

30. This Application has been filed a few days short of the 21 days required. The Debtor asks that the required service be shortened to the amount of time given approximately 18 days.

WHEREFORE, Richard L. Hirsh and Richard L. Hirsh, P.C. respectfully request that this Court:

- A. Allow Richard L. Hirsh and Richard L. Hirsh, P.C. compensation in the amount of $26,266.65 for services rendered in this case which represents time from on or about April 1, 2016 through February 7, 2017;

- B. Allow Richard L. Hirsh and Richard L. Hirsh, P.C., reimbursement in the amount of $3,018.94 for expenses advanced during that period;

- C. That the Debtor be authorized and directed to pay to Richard L. Hirsh and Richard L. Hirsh, PC the sum of $26,266.65 for fees plus $3,018.94 for reimbursement of expenses less the retainer of $20,000.00 (net pay $9,285.59).

- D. Allowing that the time for service of this Final Application on all creditors and parties in interest is reduced to 18 days.

- E. Grant all other relief that is just and appropriate.

Respectfully submitted,

/s/ Richard L. Hirsh

Richard L. Hirsh
RICHARD L. HIRSH, P.C.
1500 Eisenhower Lane, #800
Lisle, IL 60532
630 434-2600
Atty. #1225936